**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**MADAR LAW CORPORATION**
Alex S. Madar, Esq. (319745)
alex@madarlaw.net
11510 Eaglesview Ct.,
San Diego, CA 92127
Telephone: (858) 299-5879
Facsimile: (619) 354-7281

[Additional Counsel On Signature Page]

Attorneys for Plaintiff,
Jay Candelario

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY CANDELARIO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERILIST, INC.,<br><br>Defendant. | Case No.: '21CV586 JLS JLB<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*<br><br>JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff JAY CANDELARIO ("Mr. Candelario" or "Plaintiff"), individually and on behalf of all others similarly situated, brings this action for damages and injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant AMERILIST, INC. ("Amerilist" or "Defendant") in negligently, knowingly and/or willfully transmitting unsolicited, autodialed calls and voicemails to cellular telephones of consumers, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading the privacy of Plaintiff and the putative class members.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. Defendant placed the automated calls and voice messages to Plaintiff and others similarly situated without their prior express written consent in order to solicit their business. This is exactly the type of telephonic contact the TCPA was designed to prevent.

4. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## NATURE OF THE ACTION

5. In 1991, Congress passed the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, in response to complaints about abusive telemarketing practices.

6. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and it made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not

universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12.

7. The Federal Trade Commission ("FCC") is charged with the authority to issue regulations implementing the TCPA. According to findings by the FCC, automated calls and text messages are prohibited under the TCPA because receiving them is a greater invasion of privacy and nuisance compared to live solicitation calls. The FCC has also acknowledged that wireless customers are charged for any incoming calls and text messages.

8. In 2015, the FCC noted, "[m]onth after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 1 (2015).

9. The transmission of an unsolicited calls and voice messages to a cellular device is distracting and aggravating to the recipient and intrudes upon the recipient's seclusion.

### JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law, 47 U.S.C § 227(b).

11. Because Defendant directs and conducts business within the State of California and this judicial district, personal jurisdiction is established.

12. Personal jurisdiction and venue are proper in the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (1) Plaintiff resides within this judicial district; (2) the conduct complained of herein occurred within this judicial district; and (3) Defendant conducted business within this judicial district at all times relevant. Specifically, Defendant invaded Plaintiff's privacy by contacting Plaintiff on his cellular telephone, which occurred while Plaintiff was located in the County of San Diego, State of California, which is within this judicial district.

## PARTIES

13. Plaintiff is an individual residing in San Diego County, City of Escondido, State of California, and is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

14. Upon information and belief, Plaintiff alleges that Amerilist is a corporation whose state of incorporation is New York and principal place of business at 40 Ramland Rd Ste 203, Orangeburg, NY 10901.

15. Upon information and belief, Amerilist is a privately-owned company founded in or around 2002 that specializes in advertising and direct marketing mail lists for various businesses, including claimed customers such as Farmers Insurance, AT&T, Wells Fargo, Pfizer, GoDaddy, Century 21, Sony, BMW, and Allstate, among others.[1]

16. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17. Plaintiff alleges that at all times relevant herein, Defendant conducted

---

[1] Information accessed directly from Amerilist's website located at www.amerilist.com on April 5, 2021.

business in the State of California, in the County of San Diego, and within this judicial district.

## FACTUAL ALLEGATIONS

18. Plaintiff is, and at all times mentioned herein was, the subscriber of the cellular telephone number with area code "619" and ending 1868 (the "1868 Number"). The 1868 Number is, and at all times mentioned herein was, assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

19. Telephone area code 619 is associated with the County of San Diego, California.

20. At no time did Plaintiff ever enter into a business relationship with Defendant, nor did Plaintiff ever provide that cellular telephone number directly to Defendant through any medium.

21. On or about July 20, 2020, Defendant placed an automated call to Plaintiff on his cellular phone ending in "1868" from the number (772) 571-6524.

22. Upon information and belief, Defendant used a pre-recorded voice to leave an impersonal voicemail on Plaintiff's cellular telephone. The voicemail was from "Teresa from Amerilist," and advertised Defendant's direct marketing services.

23. Plaintiff was confused as to why he had received a solicitation call and voicemail from Defendant because Plaintiff had no prior business relationship or contact with Defendant. Further, Plaintiff never provided Defendant with his cellular telephone number. Frustrated and confused by this unwanted automated call and voicemail, Plaintiff did not return Defendant's call.

24. Upon information and belief, the above call was placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C § 227(b)(1)(A), to contact Plaintiff regarding the advertisement of Defendant's services.

25. Amerilist or its agent called Plaintiff's cellular telephone in an effort to persuade Plaintiff to use Defendant's direct marketing services.

26. The call at issue, sent by Defendant to the 1868 Number in July of 2020, constitutes an "advertisement" and/ or "telemarketing" call as prohibited by the TCPA, as Defendant placed the call to Plaintiff in order to advertise its direct marketing services.

27. Upon information and belief, Defendant controlled the content of the call, timing of the call and voicemail, and which phone number to call, in an effort to increase the use of Defendant's business.

28. The unwanted call from Amerilist caused Plaintiff to become annoyed and frustrated.

29. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

30. Defendant's call forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their telephone with one or more unwanted calls, causing nuisance and lost time.

31. The telephone number Amerilist or its agent called was assigned to a cellular telephone service for which Plaintiff incurs a charge for a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

32. The call to Plaintiff was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

33. Defendant's call to Plaintiff cellular telephone number was unsolicited by Plaintiff and was placed without Plaintiff's prior express written consent or permission. Therefore, Defendant did not have "prior express consent" to call Plaintiff by means of an ATDS or prerecorded voice, as prohibited by 47 U.S.C § 227(b)(1)(A).

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action on behalf of Plaintiff and all others similarly situated (the "Class").

35. Plaintiff represents, and is a member of, the Class, pursuant to Fed. R. Civ. P. 23(b)(3) and/or (b)(2), which is defined as follows:

> All persons within the United States who received one or more automated calls to their cellular telephone from Defendant, its employees or its agents, with an artificial or prerecorded voice message, within the four years prior to the filing of the Complaint.

36. Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

37. Plaintiff reserves the right to redefine the Class, and to add and redefine any additional subclass as appropriate based on discovery and specific theories of liability.

38. The Class that Plaintiff seeks to represent contain numerous members and are ascertainable including, without limitation, by using Defendant's records to determine the size of the Class and to determine the identities of individual Class members.

### **Numerosity**

39. The members of the Class are so numerous that joinder of all members would be unfeasible and impractical. The membership of the Class is currently unknown to Plaintiff at this time. However, given that, on information and belief, Defendant sent or transmitted, or had sent or transmitted on its behalf, unsolicited calls and voicemails to hundreds, if not thousands, of customers' cellular telephones

nationwide using an ATDS, and transmitting an artificial or prerecorded voice message, during the proposed class period, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

**Commonality**

40.  There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.  Those common questions of law and fact include, without limitation, the following:

   a) Whether within the four years prior to the filing of this Complaint, Defendant or its employees or agents transmitted any marketing calls, including any artificial or prerecorded voice messages, without the prior express written consent of Plaintiff and Class members using an "automatic telephone dialing system";

   b) Whether Defendant can meet its burden to show Defendant obtained prior express written consent (as defined by 47 C.F.R. 64.1200(f)(8)) to send marketing calls and voicemails complained of, assuming such an affirmative defense is raised;

   c) Whether Defendant has a business relationship with Plaintiff and the members of the Class;

   d) Whether Defendant's conduct was knowing and/or willful;

   e) Whether Plaintiff and the members of the Class were damaged thereby, and the extent of damages for such violation; and,

   f) Whether Defendant or affiliates, subsidiaries, or agents of Defendant should be enjoined from engaging in such conduct in the future.

**Typicality**

41.  Plaintiff is qualified to, and will, fairly and adequately protect the

interests of each Class member with whom he is similarly situated, and Plaintiff's claims (or defenses, if any) are typical of all members of the Class, as demonstrated herein.

42. Plaintiff represents and is a member of the Class because Plaintiff received at least one call and prerecorded voice message through the use of an automatic telephone dialing system, without providing prior express written consent to the Defendant within the meaning of the TCPA, without a prior business relationship with Defendant. Consequently, the claims of Plaintiff are typical of the claims of Class members and Plaintiff's interests are consistent with and not antagonistic to those of the other members of the Class that Plaintiff seeks to represent.

43. Plaintiff and all members of the Class have been impacted by, and face continuing harm arising out of, Defendant's violations or misconduct as alleged herein.

**Adequacy**

44. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each member of the Class with whom Plaintiff is similarly situated, as demonstrated herein. Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationship, conflicts, or differences with any members of the Class. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each member of the Class. Neither Plaintiff nor Plaintiff's counsel have any interests adverse to those of

the other members of the Class.

**Predominance**

45. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members of the Class. The elements of the legal claims brought by Plaintiff and members of the Class are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

**Superiority**

46. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Even if every individual member of the Class could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required.

47. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, conducting this action as a class action will present fewer management difficulties, conserve the resources of the parties and the court system, and protect the rights of each member of the Class. Further, it will prevent the very real harm that would be suffered by numerous members of the Class who will be unable to enforce individual claims of this size on their own, and by Defendant's competitors, who will be placed at a competitive disadvantage because they chose to obey the law. Plaintiff anticipates no difficulty in the management of this case as a class action.

48. The prosecution of separate actions by individual members of the Class

may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members not parties to those adjudications, or that would otherwise substantially impair or impede the ability of those non-party members of the Class to protect their interests.

49. The prosecution of individual actions by members of the Class would establish inconsistent standards of conduct for Defendant.

50. Defendant has acted or refused to act in ways generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class as a whole. Likewise, Defendant's conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court.

51. The Class may also be certified because:

(a) the prosecution of separate actions by individual members would create a risk of inconsistent or varying adjudication with respect to individual members, which would establish incompatible standards of conduct for Defendant;

(b) the prosecution of separate actions by individual members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and,

(c) Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

52. This suit seeks only damages and injunctive relief for recovery of statutory damages on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227 ET SEQ.**

53. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully stated herein.

54. The forgoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*. Defendant's repeated automated calls and prerecorded voice messages to Plaintiff's cellular phone, without any prior express written consent.

55. As a result of Defendant's negligent violations of 47 U.S.C. § 227, Plaintiff and all members of the Class are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

56. As a result of Defendant's negligent violations of 47 U.S.C. § 227, Plaintiff and all members of the Class are also entitled to, and do seek, an award of $500.00 statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227 ET SEQ.**

57. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully stated herein.

58. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA concerning artificial or prerecorded voice calls, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

59. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., concerning artificial or prerecorded voice calls, Plaintiff and

all members of the Class are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

60. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiff and all members of the Class are also entitled to, and do seek, an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and members of the Class, prays for the following relief:

- That this action be certified as a Class Action, establishing the Class and any appropriate that the Court may deem appropriate;
- Appointing Plaintiff as the representative of the Class;
- Appointing the law firms representing Plaintiff as Class Counsel;
- An award of $500.00 in statutory damages to Plaintiff and each member of the Class for each and every negligent violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);
- An award of $1,500.00 in statutory damages to Plaintiff and each member of the Class for each and every knowing and/or willful violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(C);
- Pre-judgment and post-judgment interest;
- An order providing injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A);
- Costs of suit;
- An award of reasonable attorneys' fees and costs to Plaintiff and the Class, pursuant to the common fund doctrine and, *inter alia,* California Code of Civil Procedure § 1021.5;
- Any other further relief that the court may deem just and proper.

CLASS ACTION COMPLAINT

## JURY DEMAND

61. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 5, 2021                                   Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:   s/ ABBAS KAZEROUNIAN
     ABBAS KAZEROUNIAN, ESQ.
     ak@kazlg.com
     ATTORNEY FOR PLAINTIFF

**Additional Plaintiff's Counsel**
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
**KAZEROUNI LAW GROUP, APC**
321 N Mall Drive, Suite R108
St. George, Utah 84790
Telephone: (800) 400-6806
Facsimile: (800) 520-5523