UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY CANDELARIO, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>AMERILIST, INC.,<br><br>　　　　　　　　　　　　Defendant. | Case No.:  3:21-cv-586-JLS (JLB)<br><br>**ORDER SUA SPONTE STRIKING LETTER**<br><br>(ECF No. 4) |

　　　Presently before the Court is a letter from Ravi Backerdan and various exhibits ("Letter," ECF No. 4).  Mr. Backerdan, who appears to be an officer of Defendant Amerilist, Inc., states that "We cannot afford counsel at this time.  Please accept this as our answer to the complaint."  Letter at 1.  For the reasons stated below, the Court declines to construe the filing as Defendant's answer and **STRIKES** the filing.

　　　As an initial matter, pursuant to this District's Local Rules:

///

///

///

///

> Only natural persons representing their individual interests in propia persona may appear in court without representation by an attorney permitted to practice pursuant to Civil Local Rule 83.3. All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3.

S.D. Civ L.R. 83.3(j); *see also In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972) ("A corporation can appear in a court proceeding only through an attorney at law.") (collecting cases). Accordingly, to the extent the Letter purports to be from or on behalf of Defendant Amerilist, Inc., the Court finds it is unable to accept the Letter. Mr. Backerdan cannot represent Amerilist, Inc. unless he is an attorney at law, and "[Amerilist, Inc.] may not file documents in this case unless and until [it is] represented by attorneys admitted to the bar of this court." *Denso Corp. v. Domain Name (denso.com)*, No. C 14-01050 LB, 2014 WL 4681179, at *4 (N.D. Cal. Sept. 19, 2014).

Pursuant to Federal Rule of Civil Procedure 12(f)(1), courts may sua sponte consider whether to strike from a pleading "an insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) is limited to striking from a pleading only those specific matters which are provided for in the rule. *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010). However, the Court declines to construe Mr. Backerdan's submission as a pleading because Defendant cannot appear in this Court without an attorney at law.

A court may sua sponte strike a document filed in violation of the Court's local procedural rules. *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (noting district court's "power to strike items from the docket as a sanction for litigation conduct"); *Smith v. Frank*, 923 F.3d 139. 142 (9th Cir. 1991) ("For violations of the local rules, sanctions may be imposed including, in appropriate cases, striking the offending pleading."). The filing is missing a proof of service and is improperly formatted in violation of this District's local rules. *See* S.D. Civ. L.R. 5.1, 5.2. Furthermore, it is not a filing made by any Party to this matter.

1  Accordingly, the Court **STRIKES** Mr. Backerdan's letter and accompanying
2  exhibits (ECF No. 4).
3      **IT IS SO ORDERED.**
4  Dated: May 7, 2021

Hon. Janis L. Sammartino
United States District Judge